[No. 26082.   Department One.   August 10, 1936.]
FRANK O. RYDER, as *Executor, Respondent,* v. GUSSIE L. HARRIS, *Appellant.*[1]

*Louis J. Muscek,* for appellant.

*Grant A. Dentler,* for respondent.

MITCHELL, J.—This action was brought by Frank O. Ryder, executor of the estate of Nina B. Gilkey, deceased, to recover the possession of four hundred dollars alleged to have been left by the decedent with Mrs. Gussie L. Harris, the defendant, for safekeeping. Defendant filed a general denial and an affirmative answer that the four hundred dollars involved was given to her by Mrs. Gilkey. The affirmative matter was denied in a reply.

The trial was to the court without a jury. Findings, conclusions and judgment were entered in favor of the plaintiff. The defendant has appealed.

The executor is a residuary legatee under the

'Reported in 60 P. (2d) 79.

will of the decedent, and at the trial was allowed, in testifying in chief, to answer a question, upon which error is assigned, as being contrary to Rem. Rev. Stat., § 1211 [P. C. § 7722], as applied to this case, excluding, so it is claimed, the testimony of a party in interest and to the record, where the other party to the record defends as "deriving a right or title by, through, or from any deceased person."

Assuming, without deciding, that, on the face of the record, there is justification for the argument, nevertheless the error is neither substantial nor reversible, in our opinion, for two reasons: (1) The question and answer are so indefinite as to have no probative value; and (2) the trial judge gave to the testimony no substantial credence, as shown by his comment thereon, "I think it quite prejudiced." The incident was by the trial court, in effect, ignored, and we treat it in the same manner.

The second assignment is that error was committed in finding for the respondent, that is, in not finding that the four hundred dollars was given to the appellant as alleged in her affirmative answer. This presents a question of fact. Appellant admits the rule and quantum of proof required in such cases, as follows:

"A gift will not be presumed, but he who asserts title by this means must prove it by evidence which is clear, convincing, strong and satisfactory." *In re Slocum's Estate,* 83 Wash. 158, 145 Pac. 204; *Dingley v. Robinson,* 149 Wash. 301, 270 Pac. 1018.

The finding of the trial court was that the proof on behalf of the appellant did not satisfy the rule.

The finding which sustains the conclusion and judgment was clearly warranted by the evidence.

Other assignments of error are disposed of adversely to the appellant by what has been said already. Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.